# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JAMES LEE ADAMS, <br> Plaintiff, <br><br> vs <br><br> J. SPARKS, et al., <br> Defendants. | Case No. 1:12-cv-219 <br><br> Dlott, J. <br> Litkovitz, M.J. <br><br> **REPORT AND** <br> **RECOMMENDATION** |

Plaintiff, an inmate formerly incarcerated at the Lebanon Correctional Institution (LeCI), brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants J. Sparks, Officer Brewer, Officer Murray, Officer Bowlyn, and John Doe Officers 1 and 2. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot

make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n,* 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled in part on other grounds*). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citations omitted); *Wysong v. Dow Chemical Co.,* 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Plaintiff, who is proceeding pro se, brings this action against various LeCI officers. Plaintiff alleges that on February 19, 2012, "a white shirt Sparks" and several other officers entered his cell and physically and sexually assaulted him. (Doc. 1, Complaint p. 5). Plaintiff

2

alleges that he was taken from his cell into a room with no cameras where he was again assaulted by several officers. *Id.* Plaintiff further alleges that his family photographs and other personal property was taken from him. *Id.*

Plaintiff's complaint alleges sufficient facts to state a claim for relief for excessive use of force. *See Hudson v. McMillian*, 501 U.S. 1, 7 (1992). Plaintiff's Eighth Amendment claim is deserving of further development and may proceed.

As to plaintiff's allegations regarding his personal property, plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. To the extent plaintiff alleges he was deprived of his property without due process of law, his allegations are insufficient to state an actionable § 1983 claim. In order to assert such a claim, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt*, 451 U.S. 527 (1981). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio

3

law to redress the wrong of which he complains are inadequate. Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, he fails to state a due process claim that is actionable in this § 1983 proceeding.

Accordingly, in sum, plaintiff's claims pertaining to the loss of his personal property should be dismissed. Having found that plaintiff has alleged sufficient facts to state a claim for excessive force, plaintiff's Eighth Amendment claim against defendants is deserving of further development and may proceed. However, plaintiff has failed to provide a United States Marshall form and summons form for each defendant named in the complaint.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims regarding the loss of his personal property be **DISMISSED** on the ground that they fail to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1. Within **fifteen (15) days** of receipt of this order, plaintiff is ordered to submit a completed United States Marshal form and summons **for each defendant** so that service of process may be made in this case. The Clerk of Court is **DIRECTED** to send to plaintiff summons and United States Marshal forms for this purpose. Upon receipt of the completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel,

upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendants or counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

3. Plaintiff shall inform the Court promptly of any changes in plaintiff's address which may occur during the pendency of this lawsuit.

Date: 4/5/12

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JAMES LEE ADAMS,
    Plaintiff,

vs

J. SPARKS, et al.,
    Defendants.

Case No. 1:12-cv-219

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).