UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES ADAMS,
    Plaintiff

vs

J. SPARKS, et al.,
    Defendants

Case No. 1:12-cv-219
Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) and a former inmate at the Lebanon Correctional Institution (LeCI), brings this action under 42 U.S.C. § 1983 against J. Sparks, Officer Brewer, Officer Murry[1], Officer Bowlyn, and John Doe Officers 1-2. Plaintiff instituted this lawsuit on March 16, 2012, alleging that defendants violated his rights under the Eighth Amendment by entering his cell at LeCI and sexually and physically assaulting him. (Doc. 1). The matter is before the Court upon defendants Joshua Murray and Dwight Brewer's motion for leave to file answer *instanter* (Doc. 12); plaintiff's motion to receive all relief requested in this lawsuit (Doc. 14) which plaintiff filed in response to defendants' motion, defendants' response in opposition to plaintiff's motion (Doc. 18), and plaintiff's reply in support of his motion (Doc. 22); and plaintiff's "Motion for (T.P.O.) Temp Protection Order for the Defendant Case" (Doc. 20) and defendants' response in opposition. (Doc. 21).

Defendants Murray and Brewer filed their motion for leave to file answer *instanter* (Doc. 12) on June 4, 2012. In response to defendants' motion, on June 21, 2012, plaintiff filed his motion to receive relief in which he apparently seeks default judgment against defendants Murray

---

[1] The correct spelling of this defendant's name is "Murray."

and Brewer based on their alleged failure to timely respond to the complaint. (Doc. 14). The record discloses, however, that defendants Murray and Brewer did timely respond to the complaint. These defendants were served on May 14, 2012 (Doc. 17), making their answers due on June 4, 2012. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). They filed their motion for leave to file answer *instanter* on that date. The Court therefore grants the motion for leave to file answer *instanter*. (Doc. 12). Because defendants timely responded to the complaint, plaintiff is not entitled to default judgment and his motion to receive all relief requested in this lawsuit (Doc. 14) should be denied.

Plaintiff filed the motion for a "Temp Protection Order" on July 25, 2012. (Doc. 20). Plaintiff states that on or about March 20, 2012, after he arrived at SOCF, Officers Dalton, Richardson, Azbell, Combs, Barney - who are not parties to this lawsuit - and "others" retaliated against him, threatened him with bodily harm, and destroyed his property and legal materials. Defendants oppose plaintiff's motion on several grounds. They contend that the Federal Rules of Civil Procedure do not contain a provision for granting a "temporary protection order." Defendants further argue that even if plaintiff's motion were construed as a request for injunctive relief under Fed. R. Civ. P. 65, the Court does not have jurisdiction to grant the requested relief because plaintiff seeks relief against individuals who are not parties to this lawsuit. Defendants also contend that plaintiff failed to comply with the Court's Report and Recommendation issued on April 5, 2012, directing that he include with each paper filed with the Court a certificate showing that the document was mailed to defendants or counsel. (Doc. 5 at 5). Defendants ask that the Court issue an order denying plaintiff's motion; disregard his previous filings that lack a certificate a service; and dismiss this case pursuant to Fed. R. Civ. P. 41(b) based on plaintiff's

failure to comply with the Court's directive regarding certification requirements.

In the Report and Recommendation issued on April 5, 2012, plaintiff was directed to include on every paper to be filed with the clerk of court a "certificate stating the date a true and correct copy of any document was mailed to defendants or counsel." (Doc. 5 at 5). Plaintiff was advised that any paper received by a district judge or magistrate judge that failed to include a certificate of service would be disregarded by the Court. (*Id.*). The Report and Recommendation was adopted by Order dated September 14, 2012. (Doc. 24). Plaintiff's motion for a "Temp Protection Order" includes a certificate of service (Doc. 20 at 2), but the certificate fails to state that "a true and correct copy" of the motion was mailed and omits the date the copy was mailed to defendants' counsel. The certificate of service on the motion to receive all relief (Doc. 14 at 3) suffers from the same defects. However, because plaintiff is proceeding pro se, the Court must liberally construe his filings. *See Reynolds-Bey v. Harris*, 428 F. App'x, 493, 498 (6th Cir. 2011) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)). The Court will therefore consider plaintiff's motions and will not recommend that this lawsuit be dismissed for failure to comply with the certification requirements. The Court reiterates that for all original papers plaintiff files with the clerk of court, plaintiff must include a certificate stating (1) that a true and correct copy of the document was mailed to defendants or counsel, and (2) the date the copy was mailed. *See* Doc. 5 at 5.

Plaintiff's motion for a "Temp Protection Order" should be denied. Plaintiff seeks relief against employees of SOCF who are not parties to this lawsuit. This district court does not have jurisdiction to enter an injunction binding individuals who are not parties to this action. *See Herrerra v. Mich. Dep't of Corr.*, No. 5:10-CV-11215, 2011 WL 3862640, at *3 (E.D. Mich. July

22, 2011) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) (an individual is not bound by a judgment *in personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party)). Plaintiff's motion should also be denied because it pertains to matters "lying wholly outside of the issues in the suit." *Id.*, at *4 (citing *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (the party moving for a preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct alleged in the complaint)). Finally, a preliminary injunction is not warranted in this case because the purpose of a preliminary injunction - to preserve the status quo until a trial on the merits can be held, *see Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) - would not be served. The status quo in this case is, according to plaintiff, that he has suffered numerous violations of his constitutional rights. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he is seeking an Order from this Court to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

**IT IS THEREFORE ORDERED THAT**:

(1) Defendants' motion for leave to file answer *instanter* (Doc. 12) is GRANTED. The Clerk is DIRECTED to file the answer attached to Doc. 12 (Doc. 12-1).

**IT IS THEREFORE RECOMMENDED THAT**:

(1) Plaintiff's motion to receive all relief requested in this lawsuit (Doc. 14) be DENIED.

(2) Plaintiff's motion for "Temp Protection Order" (Doc. 20) be DENIED.

Date: 11/13/12

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JAMES ADAMS,　　　　　　　　　　　　　　Case No. 1:12-cv-219
　　Plaintiff　　　　　　　　　　　　　　　　　Dlott, J.
　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
vs

J. SPARKS, et al.,
　　Defendants

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).