UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES LEE ADAMS,                       Case No. 1:12-cv-219
    Plaintiff,                              Dlott, J.
                                          Litkovitz, M.J.

vs.

J. SPARKS, et al.,                       **ORDER**
    Defendants.

This matter is before the Court on plaintiff's motion to transfer certified copies of all records from the United States District Court Clerk's Office to the Ohio Court of Claims Clerk's Office. (Doc. 50). Plaintiff requests that this Court mail certified copies of all papers filed in the instant federal case to the Clerk of the Ohio Court of Claims for filing in Case 2013-00140 and tax the costs of the mailing to plaintiff. Plaintiff states that once receipt of the certified papers has been verified, counsel for plaintiff will file the appropriate pleading to seek termination of the instant federal case on the Court's docket.

Plaintiff's motion is **DENIED**. The certification of court records is an administrative matter which is handled through the District Court Clerk's office, and not by the Court. *See* http://www.ohsd.uscourts.gov/feeschedule.htm.

Plaintiff has filed a lawsuit in the Ohio Court of Claims which arises out of the same incident giving rise to the present federal action. *See Adams v. Ohio Dept. of Rehabilitation and Correction*, Case No. 2013-00140 (Ohio Court of Claims) (last accessed on 3/13/13 at http://search.cco.state.oh.us/scripts/cgiip.exe/WService=civilprod/ws_civilcasesearch_2007.r?mode=1&CaseNo=2013-00140). The United States Court of Appeals for the Sixth Circuit recently

reaffirmed its decision in *Leaman v. Ohio Dept. of Mental Retardation & Development Disabilities,* 825 F.2d 946 (6th Cir. 1987) (en banc), holding that under Ohio Revised Code § 2743.02(A)(1), the filing of a lawsuit in the Ohio Court of Claims waives any federal cause of action arising out of the same act or omission. *See Savage v. Gee*, 665 F.3d 732, 738 (6th Cir. 2012). Section 2743.02(A)(1) provides in relevant part: "Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee." The Sixth Circuit in *Leaman* determined that "[i]n providing that an election to sue the state in the Court of Claims results in a complete waiver of any cognate cause of action against individual state officers or employees, the Ohio legislature clearly provided for waiver of federal causes of action, as well as causes of action based upon state law." *Leaman*, 825 F.2d at 952.

Accordingly, plaintiff is hereby **ORDERED to SHOW CAUSE**, in writing, by April 1, 2013, why this case should not be dismissed pursuant to the rule in *Leaman*.

**IT IS SO ORDERED**.

Date: 3/13/13

Karen L. Litkovitz
United States Magistrate Judge