UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES ADAMS,  
Plaintiff,

Case No: 1:12-cv-219  
Dlott, J.  
Litkovitz, M.J.

vs.

J. SPARKS, et al.,  
Defendants.

**REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to the Court's March 13, 2013 Order to Show Cause (Doc. 52), plaintiff's motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2) filed in response to the Show Cause Order (Doc. 53), and defendants' memorandum in response to plaintiff's motion to dismiss. (Doc. 54).

**I. Background**

Plaintiff, a former inmate at the Lebanon Correctional Institution (LeCI), filed this action pro se against LeCI correctional officers under 42 U.S.C. § 1983 alleging that defendants physically and sexually assaulted him and took personal property from him while he was incarcerated. (Doc. 4). On September 14, 2012, the Court sua sponte dismissed plaintiff's claim regarding the loss of his personal property but determined that plaintiff's Eighth Amendment claim could proceed. (Doc. 24). Subsequently, plaintiff filed a complaint in the Ohio Court of Claims arising out of the same incident giving rise to this federal action. *See Adams v. Ohio Dept. of Rehab. and Corrs.*, Case No. 2013-00140 (Ohio Court of Claims).

Counsel entered an appearance on behalf of plaintiff in this lawsuit on February 21, 2013. (Doc. 48). Shortly thereafter, the Court discovered that plaintiff had filed an action in the Court of Claims when plaintiff filed a motion to mail certified copies of pleadings from this action to the

Court of Claims Clerk's Office. (Doc. 50). Upon learning of the pending Court of Claims action, this Court ordered plaintiff to show cause why this case should not be dismissed pursuant to *Leaman v. Ohio Dept. of Mental Retardation and Dev. Disabilities,* 825 F.2d 946, 951-52 (6th Cir. 1987) (en banc), which holds that under Ohio Rev. Code § 2743.02(A)(1), filing a lawsuit in the Ohio Court of Claims results in a "complete waiver" of any federal cause of action arising out of the same act or omission. (Doc. 52).

In response to the Show Cause Order, plaintiff filed a motion to voluntarily dismiss this lawsuit pursuant to Fed. R. Civ. P. 41(a)(2) in lieu of the Court dismissing this case pursuant to the rule in *Leaman*. (Doc. 53). Defendants oppose plaintiff's motion to dismiss under Rule 41(a)(2) and argue that the Court should dismiss this action in its entirety pursuant to *Leaman*. (Doc. 54).

## II. The complaint should be dismissed pursuant to *Leaman*.

Plaintiff's motion to dismiss pursuant to Rule 41(a)(2) should be denied and this action should be dismissed without prejudice pursuant to the rule in *Leaman*. Plaintiff has failed to address the applicability of *Leaman* to this case in response to the Show Cause Order issued on March 13, 2013. Plaintiff does not dispute that both the Court of Claims action and this lawsuit arise out of the same acts and omissions. As a result, plaintiff has waived the claims asserted in this federal action by filing an action in the Court of Claims. *See Leaman*, 825 F.2d at 951-52. *See also Savage v. Gee*, 665 F.3d 732, 738 (6th Cir. 2012) (holding that plaintiff waived his federal cause of action by previously filing the same claims in the Ohio Court of Claims); *Wee Care Child Care Ctr., Inc. v. Ohio Dept. of Jobs and Family Servs.*, No. 2:08cv193, 2009 WL 187829, at *4 (S.D. Ohio Jan. 23, 2009) (holding that plaintiffs "made a knowing, intelligent and voluntary waiver of their rights" by filing claims in the Court of Claims arising out of the same incident as their initial suit filed in federal court). Dismissal pursuant to the waiver rule in *Leaman*, rather

than Rule 41(a)(2), is therefore appropriate absent an exception to the waiver.

Ohio Rev. Code § 2743.02(A)(1) provides an exception to the waiver rule when an employee's actions were "manifestly outside the scope of [his] office or employment or [he] acted with malicious purpose, in bad faith, or in a wanton or reckless manner." *Turker v. Ohio Dept. of Rehab. and Corrs.*, 157 F.3d 453, 458 (6th Cir. 1998) (citing Ohio Rev. Code § 2743.02(A)(1)). The determination as to whether the employee's actions were "*ultra vires* or malicious is to be made exclusively by the Ohio Court of Claims." *Id.* (citing Ohio Rev. Code § 2743.02(F); *Thomson v. Harmony*, 65 F.3d 1314, 1318 n.5 (6th Cir. 1995); *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989)). If the Ohio Court of Claims determines the employee's actions fit the exception, the waiver of all claims which generally results from the filing in the Court of Claims is void. Ohio Rev. Code § 2743.02(A)(1). There is no allegation that the Court of Claims has made the requisite determination in plaintiff's case so as to indicate dismissal of this lawsuit pursuant to *Leaman* is unwarranted.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's motion to dismiss pursuant to Rule 41(a)(2) (Doc. 53) be **DENIED** and this case be **DISMISSED** without prejudice, subject to reinstatement on the docket of the Court upon a determination by the Ohio Court of Claims that the defendant officers' conduct was manifestly outside the scope of their employment or that the defendant officers acted with a malicious purpose, in bad faith, or in a wanton or reckless manner.

Date: 5/23/13

Karen L. Litkovitz
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES ADAMS,
    Plaintiff,

Case No: 1:12-cv-219
Dlott, J.
Litkovitz, M.J.

vs.

J. SPARKS, et al.,
    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).